IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH

| | |
|---|---|
| GARRICK COOK, individually and on behalf of similarly situated persons, | ) ) ) |
| *Plaintiff,* | ) ) |
| v. | ) Case No. 5:20-cv-00129 (TBR) |
| PAPA JOHN'S PADUCAH, LLC, and ROBERT WORKMAN, individually, | ) ) ) ) |
| *Defendants.* | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Plaintiff Garrick Cook and Defendants'—Papa John's Paducah, LLC and Robert Workman—Joint Motion for Approval of Settlement and Dismissal of Case with Prejudice, (Mot. for Settlement), Dkt. 37, and Joint Motion for Leave to Seal Settlement Agreement, (Mot. to Seal), Dkt. 38.

For the reasons that follow, the Mot. to Seal, Dkt. 38, is **DENIED**.

**I.    FACTUAL BACKGROUND**

This case was filed on August 4, 2020. *See* Complaint, (Compl.), Dkt. 1. In the Complaint, Garrick Cook alleges that the Defendants—Papa John's Paducah, LLC, and Robert Workman—reimbursed their delivery drivers for less than the reasonably approximate costs of the business use of their vehicles. *See* ¶ 1. A little more than a year later, Defendants filed a notice of settlement, stating that they would file a joint motion seeking Court approval for their agreement. *See* Notice of Settlement, Dkt. 36.

The parties have since filed a joint motion for settlement agreement and a joint motion to seal that agreement.

1

## II. DISCUSSION

Settlement agreements under the Fair Labor Standards Act ("FLSA") must be approved by the Court. *See Whitehead v. Garda CL Cent., Inc.*, No. 3:20-CV-736-DJH-RSE, 2021 WL 4270121, at *1 (W.D. Ky. Sept. 20, 2021). This requirement applies whether the FLSA settlement implicates individual claims or collective claims. *See id.*

Although the Sixth Circuit has not definitively ruled on the issue of when FLSA agreements should be sealed, it has stated that "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). Also relevant here is the fact that " '[a] confidentiality provision in an FLSA settlement agreement . . . contravenes the legislative purpose of the FLSA.' " *Zego v. Meridian-Henderson*, No. 2:15-CV-3098, 2016 WL 4449648, at *1 (S.D. Ohio Aug. 24, 2016) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010)).

In that vein, the "overwhelming majority " of trial courts that have considered whether to approve confidential settlements in FLSA cases have held that "there is a strong presumption in favor of public access to settlement agreements in these cases." *Zego*, 2016 WL 4449648, at *1; *see also Smolinski v. Ruben & Michelle Enterprises Inc.*, No. 16-CV-13612, 2017 WL 835592, at *2 (E.D. Mich. Mar. 3, 2017) ("Specifically, in scrutinizing FLSA settlements, courts have either *per se* prohibited confidentiality provisions that would shield the terms of the settlement from public view or at the very least examined closely the purported justification for such a provision on a case by case basis."). "If the parties want the court to approve a settlement agreement with a confidentiality provision, it is their burden to articulate a real and substantial interest that justifies depriving the public of access to the records that inform the court's

decision-making process." *Williams v. Alimar Sec., Inc.*, No. CV 13-12732, 2016 WL 6405798, at *3 (E.D. Mich. Oct. 31, 2016) (quotations and citations omitted) (alteration in original).

The parties offer five reasons why the Court should seal their settlement agreement. None of those arguments are compelling enough to satisfy the strong presumption in favor of public access to the document.

First, the parties claim that confidentiality encourages settlement. *See* Mot. to Seal ¶ 3. But courts in this circuit have "reject[ed] the . . . suggestion that refusing to enforce confidentiality provisions in FLSA settlements would operate as a disincentive to settlement." *Chime v. Family Life Counseling & Psychiatric Servs.*, No. 1:19-cv-2513, 2020 WL 6746511, at *5 (N.D. Ohio Nov. 17, 2020); *see also Thompson v. Deviney Constr. Co.*, No. 2:16-cv-3019, 2017 WL 10662030, at *3 (W.D. Tenn. Dec. 15, 2017) ("Even in the absence of confidentiality provisions, there is ample incentive within the FLSA for parties to settle."); *Whitehead*, 2021 WL 4270121, at *2 (same).

Second, the parties maintain that confidentiality will help avoid copycat litigation. *See* Mot. to Seal ¶ 3. However, the " 'fear of copycat lawsuits or embarrassing inquiries' motivating a desire to keep an FLSA settlement confidential simply 'do[es] not suffice to defeat the presumption of public access.' " *Whitehead*, 2021 WL 4270121, at *2 (quoting *Lee v. Asurian Ins. Servs., Inc.*, 206 F. Supp. 3d 1307, 1309 (M.D. Tenn. 2016)); *see also David v. Kohler Co.*, No. 1:15-cv-01263-STA-JAY, 2019 WL 6719840, at *4 (W.D. Tenn. Dec. 10, 2019) (finding that the need to shield the settlement terms "from those who might misuse the information to spur unwanted and frivolous copycat litigation" "do[es] not overcome the strong presumption of openness or the heightened public interest in FLSA settlements"); *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *2 (S.D. Ohio July 24, 2017)

(concluding that "the threat of copycat lawsuits engendered by placing the agreement on the public court docket is too speculative").

Third, the parties argue that confidentiality will conserve judicial and litigant resources. *See* Mot. to Seal ¶ 3. Yet when asked to seal FLSA settlement agreements based on a need to "preserve judicial resources" or "avoid protracted litigation," courts have refused to do so. *Fairfax v. Hogan Transporation Equip., Inc.*, No. 2:16-CV-680, 2019 WL 466148, at *1–2 (S.D. Ohio Feb. 6, 2019).

Fourth, the parties argue that confidentiality will protect their privacy rights. *See* Mot. to Seal ¶¶ 3, 6. However, the parties never specify what those privacy rights exactly are, other than mentioning the monetary terms of the settlement. *See id.* ¶ 6. And "[in] the context of FLSA settlement agreements, "[c]onclusory suppositions are insufficient to justify sealing.' " *Green v. Hepaco, LLC*, No. 2:13-CV-02496-JPM, 2014 WL 2624900, at *5 (W.D. Tenn. June 12, 2014) (quoting *Bouzzi v. F & J Pine Rest.*, LLC, 841 F. Supp. 2d 635, 640 (E.D.N.Y. 2012)). Additionally, when a plaintiff's job could be characterized as "broadly entailing generalized labor," as Plaintiff's job here can, courts have found that "privacy concerns [do] [not] justif[y] the sealing of an FLSA settlement agreement." *Id.* Similarly, a defendant's "privacy interests in its own business affairs," as Defendants here allege, "are not enough to justify sealing the agreement." *David*, 2019 WL 6719840, at *4; *see also Macknight v. Boulder Healthcare, LLC*, No. 2:20-CV-4508, 2021 WL 391762, at *2 (S.D. Ohio Feb. 4, 2021) ("Privacy interests, such as keeping pay rates or settlement amounts confidential, have not been found to outweigh the public interest in access to FLSA settlement agreements.").

Fifth, the parties contend confidentiality is necessary because the settlement agreement is based on Defendants' confidential business practices, including strategic decisions about how

4

locations are staffed and how deliveries are compensated. *See* Mot. to Seal ¶ 4. However, when presented with similar claims, courts have refused to seal FLSA settlement agreements. In *Burton*, for example, the defendants maintained that a proposed FLSA settlement agreement was "based on the defendants' confidential business practices, including how to staff locations and how employees are compensated, disclosure of which would affect defendants' ability to compete in the market." *Burton v. Amnj Enterprises Inc.*, No. 19-CV-164-PP, 2020 WL 3964387, at *1 (E.D. Wis. July 13, 2020). The *Burton* court did not accept those reasons as compelling enough to merit sealing the settlement agreement, concluding instead that it appeared the parties were asking to seal the agreement merely because "they wish[ed] to keep it private." *Id.* at *2; *cf. Steele v. Staffmark Investments*, LLC, No. 16-cv-2069, 2016 WL 1156744, at *5 (W.D. Tenn. Mar. 23, 2016) ("[A]ny ostensible 'privacy' right that would be invaded by virtue of publishing the settlement agreement pales in comparison to both the purpose of the FLSA and the presumption of public access to any judicial document.").

Even when taken together, the Court finds that the parties have not presented compelling enough reasons to justify the non-disclosure of their settlement agreement.

The Court notes that on a previous occasion in *Dail v. Papa John's Paducah, LLC, and Robert Workman, individually*, 5:18-cv-112, this Court granted a similar motion for leave to file a settlement agreement under seal. Since then and upon further review, the Court believes it was in error in granting that motion. Upon further review, the Court notes that an "overwhelming majority" of courts have denied motions to seal settlement agreements in FLSA cases. The Court finds the reasoning of the majority view to be more compelling.

### III. CONCLUSION

For the above stated reasons, **IT IS HEREBY ORDERED** that the Mot. to Seal, Dkt. 38, is **DENIED**.  The parties may proceed by either filing their motion for settlement approval on the public docket or by litigating the FLSA claims.  The parties have **21 days from the entry of this order** in which to notify the court of how they intend to proceed.

**IT IS SO ORDERED**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

December 29, 2021