IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH

| | |
|---|---|
| GARRICK COOK, individually and on behalf of similarly situated persons, ) ) ) *Plaintiff,* ) ) v. ) ) PAPA JOHN'S PADUCAH, LLC, and ) ROBERT WORKMAN, individually, ) ) *Defendants.* | Case No. 5:20-cv-00129 (TBR) |

**MEMORANDUM OPINION**

This matter comes before the Court upon Plaintiff Garrick Cook and Defendants'—Papa John's Paducah, LLC and Robert Workman—Joint Motion for Approval of Settlement and Dismissal of Case with Prejudice, (Mot. for Settlement), Dkt. 37.

For the reasons that follow, the Mot. for Settlement, Dkt. 37, is **GRANTED**.

**I.    FACTUAL BACKGROUND**

This case was filed on August 4, 2020. *See* Complaint, (Compl.), Dkt. 1. On February 1, 2021, Cook filed an Amended Complaint against all Defendants. *See* Amended Complaint, (Am. Compl.), Dkt. 23. In the Am. Compl., Garrick Cook alleges that the Defendants—Papa John's Paducah, LLC, and Robert Workman—reimbursed their delivery drivers for less than the reasonably approximate costs of the business use of their vehicles. *See* ¶ 1. On December 3, 2021, the parties filed a joint motion for settlement agreement. *See* Mot. for Settlement.

**II.    LEGAL STANDARD**

The parties have jointly moved the Court for entry of an order approving their settlement agreement resolving all claims raised in this matter under the FLSA. Like class action suits

1

brought pursuant to Federal Rule of Civil Procedure 23, this action cannot be settled without court approval. *See Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. CIV. A. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "[T]he Court's role in this situation is in many ways comparable to, but in others quite distinguishable from that of a court in a settlement of a class action brought pursuant to Fed. R. Civ. P. 23, and derives from the special character of the substantive labor rights involved." *Id.* (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 717 (E.D. La. 2008)). Specifically, the Court must determine whether "the settlement is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Id.* (quoting *Collins*, 568 F. Supp. 2d at 719).

### III.     DISCUSSION

#### A.     *SETTLEMENT AGREEMENT TERMS*

##### 1.     **Bona Fide Dispute**

"The FLSA creates a statutory entitlement that employers and employees generally may not agree to pay or receive less than what the statute provides for." *Ross v. Jack Rabbit Servs.*, LLC, No. 3:14-CV-44-DJH, 2016 WL 7320890, at *2 (W.D. Ky. Dec. 15, 2016). However, "a federal district court may approve a settlement of a suit brought in a federal district court pursuant to Section 16(b) of the FLSA." *Crawford*, 2008 WL 4724499, at *3. "A federal district court approving any settlement of claims must determine whether a bona fide dispute exists to ensure that plaintiff employees have not relinquished their rights to compensation guaranteed by the statute." *Ross*, 2016 WL 7320890, at *2. "Without a bona fide dispute, no settlement could be fair and reasonable. Thus, some doubt must exist that Plaintiffs would succeed on the merits through litigation of their claims." *Id.* (quoting *Collins*, 586 F. Supp. 2d at 719–20).

In this case, there is a bona fide dispute as to whether Defendants pay and reimbursement policies resulted in a failure to compensate delivery drivers at the federal minimum wage. The federal minimum wage has been $7.25 per hour since July 24, 2009. *See* Am. Compl. ¶ 24. Here, Plaintiff was employed by Defendants as a delivery driver. *See id.* ¶ 7. Plaintiff claims that "instead of reimbursing delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendants use a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their wages to fall below the federal minimum wage" in violation of the FLSA. *Id.* ¶ 1. Defendants deny these allegations and claim Plaintiff is not entitled to reimbursement or other damages. *See* Answer to Am. Compl, Dkt. 25.

Accordingly, the Court finds that there is a bona fide dispute as to whether Plaintiff was properly compensated pursuant to the FLSA

2. **Fair and Reasonable**

Next, the Court must determine whether the settlement is a fair and reasonable resolution of the bona fide dispute. The Sixth Circuit has "established a seven-favor test to assess whether or not a class action settlement is 'fair, reasonable and adequate' under Federal Rule of Civil Procedure 23(e)." *Does 1-2 v. Deja Vu Servs., Inc.*, 925 F.3d 886, 894 (6th Cir. 2019). These factors include: "(1) the risk of fraud or collusion, (2) the complexity, expense and likely duration of the litigation, (3) the amount of discovery engaged in by the parties, (4) the likelihood of success on the merits, (5) the opinions of class counsel and class representatives, (6) the reaction of absent class members, and (7) the public interest." *Id.* (citing *International Union, UAW, et al. v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)) (internal quotation marks omitted). "The Court may choose to consider only those factors that are

relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Crawford*, 2008 WL 4724499, at *3 (quoting Red*ington v. Goodyear Tire & Rubber Co.*, 2008 WL 3981461, at *11 (N.D. Ohio August 22, 2008)). Courts have also used these factors to determine whether collective action settlements are fair and reasonable. *Id.* (citing *Collins*, 568 F. Supp. 2d at 719); *Ross*, 2016 WL 7320890, at *3.

### i. *Fraud or Collusion*

The first factor the Court must consider in determining whether the settlement is fair and reasonable is the risk of fraud or collusion. "In the absence of evidence to the contrary, the court may presume that no fraud occurred and that there was no collusion between counsel." *Ross*, 2016 WL 7320890, at *3 (quoting *Crawford*, 2008 WL 4724499 at *6). This action was filed over a year ago. Since then, the parties have engaged in informal discovery, including the production of payroll and reimbursement records. *See* Mot. for Settlement ¶ 5. In that time, there has been no evidence of fraud or collusion. Therefore, the Court finds that the settlement agreement was the result of "arm's length" negotiations. *Id.* This factor weighs in favor of finding the settlement fair and reasonable.

### ii. *Complexity, Expense, and Likely Duration of the Litigation*

"[T]he Court must also weigh the risks, expense and delay Plaintiffs would face if they continued to prosecute the litigation through trial and appeal." *Ross*, 2016 WL 7320890, at *3 (quoting *In re Sketchers Toning Shoe Prods. Liab. Litig.*, No. 3:11-MD-2308-TBR, 2013 WL 2010702, at *5 (W.D. Ky. May 13, 2013)). As indicated in the motion for approval of settlement, if this case were continued to be litigated, "the Parties would engage in further discovery that would come at great cost, including additional written discovery, Rule 30(b)(6) depositions, depositions of various Opt-Ins, and additional electronic discovery and damages

4

analysis." Mot. for Settlement ¶ 4. On top of that, the Parties "stipulate that they are resolving this matter to avoid unnecessary further costs, time, and risks associated with continuing this litigation." *Id.* ¶ 5. The Court agrees that continuing to litigate this case would result in greater expense for both parties and increase the duration of the litigation. Thus, this factor weighs in favor of finding the settlement fair and reasonable.

### iii.    *The Amount of Discovery Engaged in By the Parties*

Although the parties have engaged in only informal discovery, they claim that the production of payroll and reimbursement records "facilitated both Parties' ability to make detailed legal and factual analyses of the claims and defenses." *Id.* Since more thorough discovery has not been conducted, this factor weighs only slightly in favor of finding the settlement fair and reasonable. *See Ross*, 2016 WL 7320890, at *3 (concluding substantial discovery had been conducted where parties sent and responded to written discovery requests and took several depositions); *Crawford*, 2008 WL 4724499, at *7 (finding substantial discovery when more than 200 interrogatories were completed and more than eighty depositions taken).

### iv.    *The Likelihood of Success on the Merits*

"The Court must 'weigh[] the plaintiff[s'] likelihood of success on the merits against the amount and form of the relief offered in the settlement.' " *Ross*, 2016 WL 7320890, at *3 (quoting *In re Sketchers Toning Shoe Prods. Liab. Litig.*, 2013 WL 2010702, at *6). Given that the parties have not engaged in substantial discovery or motion practice, it is difficult to gauge the likelihood of the Plaintiffs' success at trial. However, both parties recognize and have considered "the inherent risks in bringing the matter to trial." Mot. for Settlement ¶ 5. Indeed, the Plaintiffs' will be required to prove that Defendants' policies and practices violated the FLSA and present evidence regarding each Plaintiff's specific damages. The risks of going to trial

"should be weighed against the relief provided for in the settlement agreement." *Ross*, 2016 WL 7320890, at *4. Here, Plaintiffs will receive monetary compensation. Moreover, "Class Counsel is satisfied that this Agreement is in the best interest of the Class." Mot. for Settlement, Ex. A, at 1. Therefore, the Court finds this factor weighs in favor of finding the settlement fair and reasonable.

### v.     *The Opinions of Class Counsel and Class Representatives*

"In deciding whether a proposed settlement warrants approval, the informed and reasoned judgment of plaintiffs' counsel and their weighing of the relative risks and benefits of protracted litigation are entitled to great deference." *Ross*, 2016 WL 7320890, at *4 (quoting *In re Sketchers Toning Shoe Prods. Liab. Litig.*, 2013 WL 2010702, at *6). In this case, the Settlement Agreement states that "counsel for the Parties are satisfied that the terms and conditions of the Agreement are fair, reasonable, and adequate, and Class Counsel is satisfied that this Agreement is in the best interest of the Class." Mot. for Settlement, Ex. A, at 2. As reported by counsel, this factor weighs heavily in favor of finding the settlement fair and reasonable.

### vi.    *The Reaction of Absent Class Members*

Approximately 16 individuals joined the Named Plaintiff in this collective action. *See* Mot. for Settlement ¶ 4. "There is no opt-out mechanism in FLSA actions as there are with class actions under Federal Rule of Civil Procedure Rule 23." *Ross*, 2016 WL 7320890, at *4. However, the Court is unaware of any objections to the Settlement Agreement. Thus, this factor weighs in favor of finding the settlement fair and reasonable.

      vii.    *The Public Interest*

"There is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Id.* (quoting *In re Sketchers Toning Shoe Prods. Liab. Litig.*, 2013 WL 2010702, at *7). "If the settlement reflects a reasonable compromise over issues actually disputed, such as FLSA coverage or computation of back wages, a court may approve a settlement to 'promote the policy of encouraging settlement of litigation.' " *Id.* (quoting *Crawford*, 2008 WL 4724499, at *9 (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1353)). In this case, the Settlement Agreement states that the "Parties [] considered the inherent risks in bringing the matter to trial, judicial resources, and the costs and time associated with further litigation and determined a settlement would be in the public's interest." Mot. for Settlement ¶ 5. The Court agrees and finds that this factor weighs in favor of finding the settlement fair and reasonable.

Since each of the seven factors weighs in favor of finding the Settlement Agreement a fair and reasonable resolution of a bona fide dispute over FLSA provisions, the Court APPROVES the Settlement Agreement.

    **B.  *ALLOCATION OF SETTLEMENT PROCEEDS***

"As a part of its exacting and thorough examination of a class-action settlement, a court must ensure that the distribution of the settlement proceeds is equitable." *Crawford*, 2008 WL 4724499, at *9. "The need for equity in distributions of proceeds is no less in a collective-action settlement." *Id.* "Neither the Federal Rules of Civil Procedure nor the Supreme Court requires that settlements offer a pro rata distribution to class members; instead the settlement need only be fair, reasonable, and adequate." *Int'l Union*, 497 F.3d at 628.

Here, after deductions for attorneys' fees, costs and service awards, the settlement proceeds "shall be distributed to the Class on a pro-rata basis according to an equitable formula determined by class counsel." Mot. for Settlement, Ex. A, at 3. The formula will take into account: (1) the total number of deliveries driven by each class member; (2) the wage rate earned by each class member; and (3) the reimbursement rate paid to each class member during each class member's applicable limitations period, provided that each class member shall receive a minimum payment of $100.00. *See id.* The Court finds that the proposed allocation of settlement proceeds is fair, reasonable, and adequate as it apportions funds based on the circumstances of each class member's employment by Defendants. Therefore, the Court APPROVES the proposed allocation of settlement proceeds.

## C.  *INCENTIVE AWARD*

The Joint Motion for Approval of Settlement also seeks approval of "the payment of an additional enhancement amount to the Named Plaintiff of $2,500." *Id.* "Such awards are not uncommon, and 'courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation.' " *Ross*, 2016 WL 7320890, at *5 (quoting *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *7 (N.D. Ohio, Mar. 8, 2010)). The Sixth Circuit has used the following factors to determine whether incentive awards are appropriate:

> (1) the action taken by the Class Representatives to protect the interests of the Class Members and others and whether these actions resulted in a substantial benefit to Class Members; (2) whether the Class Representatives assumed substantial direct and indirect financial risk; and (3) the amount of time and effort spent by the Class Representatives in pursuing the litigation.

*Id.* (quoting *In re Sketchers Toning Shoe Prods. Liab. Litig.*, 2013 WL 2010702, at *14).

In this case, the parties claim that the Named Plaintiff "helped counsel with factual background and assisted with the review of case documents to inform litigation strategy." Mot. for Settlement ¶ 8. Moreover, the Named Plaintiff was "involved in the protracted settlement negotiations." *Id.* Thus, the parties argue, the "Plaintiff's conduct benefited all Opt-Ins." *Id.* Additionally, the parties note that the Named Plaintiff initiated this lawsuit under his name and "was directly and regularly involved in this litigation and accepted both financial and reputation risks by commencing and supporting it." *Id.* Finally, "[t]he Court finds further support for the incentive award in the fact that no objections were filed." *Ross*, 2016 WL 7320890, at *5. Based on the forgoing, the incentive award, as agreed to by the parties, is APPROVED.

### D. *ATTORNEYS' FEES AND COSTS*

Finally, the parties seek approval of the attorneys' fees and costs as outlined in the Settlement Agreement. "In an action under § 216(b) of the FLSA, like this, '[a]n award of attorney fees . . . is mandatory, but the amount of the award is within the discretion of the judge.'" *Ross*, 2016 WL 7320890, at *5 (quoting *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994)). An attorneys' fee award must be reasonable. *See Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). "A reasonable fee is one that is 'adequate to attract competent counsel but . . . [does] not produce windfalls to attorneys.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). "The starting point for determining a reasonable fee is the lodestar, which is the product of the number of hours billed and a reasonable hourly rate." *Crawford*, 2008 WL 4724499 at *12 (quoting *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616 (6th Cir. 2007)). Then, "the court may apply various equitable considerations to adjust the lodestar amount." *Id.* However, "there is a strong presumption that the lodestar figure represents a reasonable fee." *Id.* (quoting *Tlacoapa v. Carregal*, 386 F.Supp.2d 362, 373 (S.D.N.Y. 2005)).

Plaintiffs' counsel, Katherine Serrano, submitted a supplemental declaration stating that she has "experience litigating wage and hour collective actions under the Fair Labor Standards Act" and is "currently representing delivery drivers in numerous other matters." Mot. for Settlement, Ex. B, ¶ 5. Since initiating this action, Plaintiff's counsel has collectively spent over 60 hours on this case. *See id.* ¶ 10. Mrs. Serrano also estimates that Plaintiff's Counsel will bill an additional 20 hours or more addressing any questions or concerns that arise during the distribution of the settlement proceeds to the Class Members. *See id.*

Pursuant to the Settlement Agreement, Plaintiffs' counsel seeks $14,666.67 in attorneys' fees. *See* Mot. for Settlement, Ex. A, at 3. By dividing the fee sought by 60 hours[1], the calculated hourly rate charged is $244.44. This is within the range of hourly rates previously approved in this district, *see Lani v. Schiller Kessler & Gomez, PLC*, No. 3:16-CV-00018-CRS, 2016 WL 7401790, at *4 (W.D. Ky. Dec. 19, 2016), *amended in part sub nom. Lani on behalf of Schiller Kessler & Gomez, PLLC v. Schiller Kessler & Gomez*, PLC, No. 3:16-CV-00018-CRS, 2017 WL 1146953 (W.D. Ky. Mar. 27, 2017) (finding rates between $225.00 to $275.00 for associates, and $275 and $400 for partners, to be reasonable for practicing in the Western District of Kentucky). Additionally, the Settlement Agreement provides for up to $5,000.00 in out-of-pocket costs incurred in pursuing the litigation. *See* Mot. for Settlement, Ex. A, at 4. The parties agree that the amount of attorneys' fees and costs "is a fair and reasonable compromise of the actual fees and costs incurred by Plaintiffs' counsel during this near year-long litigation and those that will be incurred by Plaintiffs' counsel to fully administer the settlement." Mot. for

---

[1] The Court uses this figure because, according to Plaintiff's counsel, 60 hours is the most conservative estimate for the number of hours billed on this case. *See* Mot. for Settlement, Ex. B, ¶ 5. If, however, Plaintiff's counsel billed more than 60 hours, then, of course, the hourly rate would be even lower, meaning that the rate would still be considered reasonable for these purposes.

Settlement ¶ 9. Thus, the Court finds that the $14,666.67 attorneys' fee and $5,000.00 for costs proposed in the Settlement Agreement is reasonable.

### IV. CONCLUSION

For the above stated reasons, **IT IS HEREBY ORDERED** that the Mot. for Settlement, Dkt. 37, is **GRANTED**. The Court will enter an Order contemporaneous to this Memorandum Opinion.

**IT IS SO ORDERED**

*[Signature: Thomas B. Russell]*

Thomas B. Russell, Senior Judge
United States District Court

January 31, 2022

cc: Attorneys of Record